IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIMMY CHARLES JOHNSON,           ) | |
| ID # 727145,                                      ) | |
|      Plaintiff,                              ) | |
| vs.                                                     ) | No. 3:17-CV-231-K (BH) |
|                                                            ) | |
| INSPECTOR D. WRIGHT BADGE, et al., ) | |
|      Defendant.                          ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this case has been automatically referred for findings, conclusions and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** for lack of subject matter jurisdiction.

**I.  BACKGROUND**

Jimmy Charles Johnson (Plaintiff), a prisoner in the Texas Department of Criminal Justice (TDCJ), sues Dallas County Tax Assessor/Collector John R. Ames; the City of Dallas, Special Collections Division; Linebarger Groggan Blair & Sampson, LLP; Michell Jenning, Office of the City Attorney; and Marc Quarles, Office of the City Attorney, for violations of his constitutional rights (doc. 24 at 3-4).[1] While Plaintiff was incarcerated in TDCJ, Dallas County, the City of Dallas, and other taxing entities filed suit against him and his wife for delinquent taxes, penalties, and interest on real property they owned. (*See* doc. 24 at 4, 15-18, 19-20, 49-56); *see also Dallas Cty., et al., v. Jimmy Charles Johnson, et al.*, No. TX-10-31998 (68th Dist. Ct., Dallas County, Tex., Dec. 10, 2010). On March 8, 2012, a default judgment was entered after they failed to appear or answer. (*See* doc. 24 at 60, 78.) At some point, the house on the property was condemned and demolished, and the property was sold on November 4, 2014. (*See id.* at 23-25, 27, 63-68.)

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff alleges that the defendants destroyed or demolished the home without the legal consent of the owner and sold the property in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments. (*See id.* at 4.) He claims that he was denied a hearing to prove that the property taxes had been paid, and he seeks monetary damages. (*Id.*)

## II. JURISDICTION

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The Tax Injunction Act (the Act) prohibits district courts from enjoining, suspending, or restraining "the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act "reflects the fundamental principle of comity between federal courts and state governments that is essential to Our Federalism, particularly in the area of state taxation." *Washington v. New Orleans City*, 424 F. App'x 307, 309–10 (5th Cir. 2011) (internal quotations omitted) (citing *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981)).

"Section 1341 is not 'a narrow statute aimed only at injunctive interference with tax collection, but is rather a broad restriction on federal jurisdiction in suits that impede tax administration.'" *Id.* at 310 (quoting *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1133 (5th Cir. 1980)); *see also Scott v. Dallas Cty. Appraisal Dist.*, No. 3:02-CV-0584-D, 2002 WL 1798912, at *2 (N.D. Tex. Aug. 2, 2002) (finding that although claims for monetary damages for civil rights violations "may not fall within the ambit of the [Act]," such claims are "precluded nonetheless."). "[B]asing a complaint upon alleged

violation[s] of civil rights . . . or the Federal Constitution will [therefore] not avoid the prohibition contained in Section 1341." *Clark v. Andrews Cty. Appraisal Dist.*, 251 F. App'x 267, 268 (5th Cir. 2007); *see also Smith v. Travis Cty. Educ. Dist.*, 968 F.2d 453, 455–56 (5th Cir. 1992) (quoting *McNary*, 454 U.S. at 116) ("taxpayers are barred by the principles of comity from asserting § 1983 actions against the validity of state tax systems in federal court."); *Scott*, 2002 WL 1798912, at *2 ("The U.S. Supreme Court has repeatedly held that taxpayers may not challenge the validity of a state tax system in a federal civil rights action where state law provides an adequate remedy."). If an action is barred under the Act, a district court may not assert jurisdiction "unless the State fails to supply a plain, speedy and efficient remedy for the taxpayers' claim." *Smith*, 968 F.2d at 456.

Here, although Plaintiff sues under § 1983 for alleged violations of his constitutional rights, he seeks damages for the property that was sold to collect delinquent taxes without a fair hearing. Tax sales to collect delinquent taxes are expressly authorized by the Texas Tax Code. Tex. Tax Code Ann. §§ 33.41, 33.53. As discussed, the property was sold following a lawsuit by the County and other taxing authorities to collect delinquent taxes, penalties, and interest owed on it by Plaintiff, and the entry of a default judgment. *See Dallas Cty., et al., v. Jimmy Charles Johnson, et al.*, No. TX-10-31998 (68th Dist. Ct., Dallas County, Tex., Mar. 8, 2012).[2] Because "[t]he tax sale in question was used to recoup unpaid property taxes," it is "tantamount to the collection of a tax." *Stewart v. City of Irving*, No. 3:17-CV-3296-G-BK, 2018 WL 3235665, at *2 (N.D. Tex. June 7, 2018), *rec. adopted*, 2018 WL 3222921 (N.D. Tex. July 2, 2018); *see also Hammonds v. Dallas Cty., Texas*, No. 3:17-CV-1661-N, 2018 WL 7286091, at *3 (N.D. Tex. Dec. 28, 2018), *rec. adopted,* 2019 WL 536451 (N.D.

---

[2] Judicial notice of the filings in Dallas County District Court may be taken, as they are matters of public record. *See Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings"); *see also Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *7 (N.D. Tex. Sept. 30, 2005) (taking judicial notice of a plaintiff's prior case).

Tex. Feb. 11, 2019). Plaintiff's lawsuit therefore "constitutes impermissible interference with the state tax system" because it "necessarily seeks to hinder the collection of taxes." *Id.* (citing *ANR Pipeline Co. v. La. Tax Comm'n*, 646 F.3d 940, 946 (5th Cir. 2011)); *see also Dillon v. Mississippi*, 376 F. App'x 421, 424 (5th Cir. 2010) (per curiam) ("Appellants expressly seek declaratory and injunctive relief . . . , as well as compensatory and punitive damages for past improper tax assessments. These are precisely the kinds of relief barred by the Act."). Accordingly, "unless Texas fails to supply a plain, speedy, and efficient remedy for Plaintiff['s] claims," jurisdiction over this action is lacking. *Id.* (citing *ANR Pipeline Co.*, 646 F.3d at 947).

A state remedy need only be "adequate" in order to satisfy the requirements of the Act. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1012 (5th Cir. 1998)). A state remedy is adequate where it provides the plaintiff "with a complete judicial determination that is ultimately reviewable in the United States Supreme Court." *Home Builders*, 143 F.3d at 1012. The Fifth Circuit has determined "that Texas provides a 'menu of remedies' that satisfy the [Act's] requirements." *Stewart*, 2018 WL 3235665, at *3 (citing *Dawson v. Childs*, 665 F.2d 705, 710 (5th Cir. 1982)); *see also Scott*, 2002 WL 1798912, at *2 ("Texas law provides procedural vehicles that afford taxpayers the opportunity to raise their serious federal constitutional questions.") (collecting cases). Additionally, "[w]hether the time for pursuing such remedies has lapsed is immaterial to the Court's query–all that matters is that the remedies did exist." *Stewart*, 2018 WL 3235665, at *3 (citing *Daytona Beach Racing & Recreational Facilities Dist. v. Volusia Cty.*, 579 F.2d 367, 369 (5th Cir. 1978) (per curiam)).

Because Plaintiff seeks relief that "would disrupt the administration of Texas' tax system, and a plain, speedy, and efficient remedy is available to [him] in state court, the [Act] divests this Court of subject matter jurisdiction over [his] claims." *Id.* Accordingly, Plaintiff's claims against all

4

defendants should be dismissed without prejudice for lack of subject matter jurisdiction. *See id*.; *see also Hammonds*, 2018 WL 7286091, at *4 (dismissing claims for monetary damages and injunctive relief for lack of subject-matter jurisdiction based on the Act).

### III. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SIGNED this 26th day of April, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE